# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARY FRANCES DURAN,

    Plaintiff,

v.                                                              No. CIV 97-1598 BB/RLP

STATE OF NEW MEXICO
DEPARTMENT OF LABOR,

    Defendant.

## MEMORANDUM OPINION
## AND
## ORDER DENYING RECONSIDERATION

THIS MATTER comes before the Court on *Plaintiff's Motion for Reconsideration of Request to Amend and for Findings of Fact and Conclusions of Law* [#49], and the Court having considered the briefs of counsel and the oral argument on the original motion, FINDS the motion should be conditionally **Granted**. The following opinion will constitute the Court's Findings of Fact and Conclusions of Law.

### *Discussion*

Initially, it will be noted Plaintiff agrees her age discrimination claim must be dismissed pursuant to *Kimel v. Florida Board of Regents*, 120 S. Ct. 631 (2000). Faced with the reality that her only remaining claim is therefore no longer viable, Plaintiff's counsel would now seek

to revisit the Court's decision of October 20, 1999, denying permission to file an amended complaint.

Plaintiff was employed at the Defendant Department of Labor for 23 years and while she applied for more than 100 different Department positions, someone else was chosen on each occasion. Based on the failure to select Plaintiff, she filed numerous claims with both the United States Equal Employment Opportunity Commission ("EEOC") and the New Mexico Human Rights Division. These claims variously alleged discrimination based on age, race, and gender. The last group of such claims was denied and forwarded with the "right to sue" letter on September 29, 1997.

On December 17, 1997, Plaintiff filed her "pro se" complaint which was drafted, but not signed, by legal counsel. The complaint sought relief only for age discrimination. Present counsel entered an appearance in April 1998. Depositions were taken and Defendant produced 7,000 pages of documents relating to Plaintiff's entire employment history including the numerous promotions for which she applied and how applicants were selected. The initial trial setting for February 1999 was vacated. In April 1999, Plaintiff sought to amend her complaint to add claims based on race and gender discrimination and retaliation. A proposed complaint was submitted. Briefing was completed and oral argument held on October 19, 1999. Following the oral argument, the Court denied the motion to amend on the ground Plaintiff could advance no evidence supporting such amendments, in spite of almost two years of discovery.

Plaintiff now moves the Court to reconsider the denial of the motion to amend. She points to some specific situations she alleges support her conclusion she "was subjected to a course and pattern of pretextual harassment and disparate treatment by her superiors." (Br. Supp. Recons. at 9). She also attaches deposition testimony and dozens of documents to her brief. Based on the history of this case, the Court has some doubt as to the ultimate validity of these claims, but Plaintiff is correct in noting "that the appropriate analysis is whether the amended complaint state a cause of action and not whether there are issues of material fact." (Br. Supp. at 7). There is no question that Federal Rule of Civil Procedure 15 should be interpreted liberally to permit reasonable amendments to a complaint. *Garner v. Kinnear Mfg. Co.*, 37 F.3d 263 (7th Cir. 1994). The Court is also mindful that delay standing alone is an insufficient basis to deny leave to amend. *United States for Maritime Admin. v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 889 F.2d 1248 (2d Cir. 1989); *King v. King*, 922 F. Supp. 700 (D.N.H.), *aff'd*, 104 F.3d 348 (1st Cir. 1996). When coupled with resulting prejudice, however, undue delay may be a sufficient basis to deny such a motion. *King, supra*. In the present case, Defendant understandably pursued discovery related to Plaintiff's outstanding complaint of age discrimination without regard to the gender and race claims Plaintiff had alleged at the EEOC.

Plaintiff, however, argues there is no showing of prejudice, but recognizes that "it is within the Court's power to issue a conditional order which would protect the Defendant from possible harm, or to impose an obligation on Plaintiff to absorb any costs arising from

3

duplicated discovery efforts." (Br. Supp. at 6). The Court agrees and given Plaintiff's lengthy delay in this case and past history of repeated claims against Defendant, the Court will fashion such an order by requiring Plaintiff to pay the full costs of any additional discovery necessitated by the proposed amendment but permitting Plaintiff to challenge the necessity of such discovery before the Magistrate Judge.

## *ORDER*

Plaintiff is **GRANTED** leave to file the first amended complaint attached to the *Motion for Reconsideration* within 30 days of the entry of this Order, recognizing she will pay Defendant the cost of all legitimate discovery necessary to address such claims; assessment of attorney's fees to await the outcome of trial.

Dated at Albuquerque this 7th day of June, 2000.

_____
**BRUCE D. BLACK**
United States District Judge


Counsel for Plaintiff:
    David S. Proffit, Albuquerque, NM
Counsel for Defendant:
    Sean Olivas, Keleher & McLeod, Albuquerque, NM